UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


REGINALD KNOX,

                    Petitioner,

v.                                              Case Number 09-13629-BC
                                                Honorable Thomas L. Ludington
SHIRLEE HARRY,

                    Respondent.
_____/


**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS,
DISMISSING HABEAS PETITION WITH PREJUDICE, DENYING A CERTIFICATE
OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS
ON APPEAL**

On or about September 14, 2009, Petitioner Reginald Knox, presently confined at Carson

City Correctional Facility in Carson City, Michigan, filed a pro se habeas corpus petition pursuant

to 28 U.S.C. § 2254. Petitioner was convicted in 1987 of assaulting a prison employee and

sentenced to imprisonment for one to four years. On March 10, 2010, Respondent Shirlee Harry

filed a motion to dismiss the petition on the ground that Petitioner's claims are barred from

substantive review by the one-year statute of limitations. *See* [Dkt. # 9]. For the reasons stated

below, Respondent's motion to dismiss will be granted, and the habeas petition will be dismissed

with prejudice.

On March 27, 1987, while Petitioner was a state inmate, he pleaded guilty in Jackson County

Circuit Court to assault of a prison employee, Mich. Comp. Laws § 750.197c. In exchange for the

guilty plea, the prosecutor dismissed a supplemental information charging Petitioner with being a

habitual offender, third offense. On May 14, 1987, Jackson County Circuit Judge Gordon W. Britten

sentenced Petitioner to imprisonment for one to four years. The sentence was ordered to run consecutively to the life sentence that Petitioner was serving when he committed the assault.[1] Petitioner appealed as of right, claiming that he was entitled to re-sentencing because the presentence investigation report contained material inaccuracies and referenced an expunged juvenile record. The Michigan Court of Appeals affirmed Petitioner's conviction and sentence, but ordered that references to a dismissed felony-firearm conviction and to Petitioner's expunged juvenile record be stricken from the pre-sentence information report. *See People v. Knox*, No. 103151 (Mich. Ct. App. Nov. 28, 1988). On August 29, 1989, the Michigan Supreme Court denied Petitioner's letter request under Michigan Court Rule 7.303. *See People v. Knox*, No. 85240 (Mich. Sup. Ct. Aug. 29, 1989).

Petitioner filed his habeas corpus petition in September of 2009. His claims are: (1) judicial misconduct because a state judge allegedly refused to allow Petitioner to be in court in 1983 and refused to appoint the state appellate defender's office; (2) unconstitutional escape charge;[2] (3) "prophet sabotage" because an officer allegedly failed to appear at a parole interview on February 18, 2009; and (4) default judgment because a federal magistrate judge allegedly issued an order rejecting a pleading on August 14, 2009. These claims have no obvious relevance to Petitioner's conviction for assault on a prison employee, but the face of the petition indicates that Petitioner is

---

[1]    Petitioner apparently is still serving a life sentence for bank robbery. *See* www.state.mi.us/mdoc/asp/otis2profile.asp?mdocNumber=167359. Consequently, he is "in custody" for the assault conviction under attack. *See Peyton v. Rowe*, 391 U.S. 54, 67 (1968) (explaining "that a prisoner serving consecutive sentences is 'in custody' under any one of them for purposes of [28 U.S.C.] § 2241(c)(3)").

[2]  Although the face of the petition mentions an escape, Petitioner does not appear to be "in custody" for an escape conviction. In fact, he alleges that he pleaded guilty to assault only and that the Parole Board said it understood he did not escape.

challenging his assault conviction, not some other proceeding or event. Therefore, the petition will be construed as an attack on Petitioner's 1987 conviction for which he must serve a future sentence.

The case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which established a one-year statute of limitations for habeas petitions filed by state prisoners. *See* 28 U.S.C. § 2244(d). The period of limitations runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Subsections 2244(d)(1)(B - D) have no apparent relevance here, and Petitioner's conviction became final for purposes of § 2244(d)(1)(A) in 1989 when direct review of his conviction came to an end. *Jimenez v. Quarterman*, - - - U. S. - - - -, 129 S. Ct. 681, 685-86 (2009); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The AEDPA was enacted on April 24, 1996. Because Petitioner's conviction became final before the AEDPA became law, he was afforded a one-year grace period, or until April 24, 1997, to file his habeas petition. *Brown v. O'Dea*, 187 F.3d 572, 577 (6th Cir. 1999), vacated on other grounds, 530 U.S. 1257 (2000). Petitioner filed his habeas corpus petition over twelve years later in 2009. Thus, his habeas petition is time-barred, absent tolling.

The one-year limitation period is tolled while "a properly filed application for State post-

conviction or other collateral review with respect to the pertinent judgment or claim is pending" in state court.  28 U.S.C. § 2244(d)(2).  In addition, equitable tolling applies when a petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  The following factors are also considered and balanced:

> (1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement.

*Andrew v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988) (held applicable to motions to vacate sentence filed under 28 U.S.C. § 2255 in *Dunlap v. United States*, 250 F.3d 1001, 1009 (6th Cir. 2001)).

Lack of prejudice to the respondent is not an independent basis for invoking the doctrine of equitable tolling, *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984), and Petitioner has not alleged that he lacked notice or knowledge of the filing requirement.  Nor has he demonstrated that he was diligent in pursuing his claims or that some extraordinary circumstance prevented him from filing a timely habeas petition.  Morever, he did not file any post-conviction motions between April 24, 1996, and April 24, 1997; therefore, the limitation period was not tolled under 28 U.S.C. § 2244(d)(2).  In sum, Petitioner filed his petition beyond the one-year deadline and he is not entitled to statutory or equitable tolling.  Thus, his petition is time-barred.

Accordingly, it is **ORDERED** that Respondent's motion to dismiss [Dkt. #9] is **GRANTED**.

It is further **ORDERED** that the habeas petition [Dkt. #1] is **DISMISSED WITH PREJUDICE**.

It is furthered **ORDERED** that a certificate of appealability is **DENIED** because reasonable jurists would not debate whether the petition states a valid claim of the denial of a constitutional

right or whether the Court's procedural ruling is correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

It is further **ORDERED** that Petitioner is **DENIED** leave to proceed in forma pauperis on appeal because an appeal would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(4)(B).

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: May 24, 2010

<div style="border:1px solid; padding:10px;">

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 24, 2010.

s/Tracy A. Jacobs
TRACY A. JACOBS

</div>